1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8               FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ANDRE REVIS,                          No. 2:12-cv-2751-EFB P

11              Plaintiff,

12        v.

13   DALE SYERSON, et al.,                 ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
14              Defendants.

15

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C § 1983.  Currently pending before the court are plaintiff's amended complaint and

18   defendant Syerson's motion to dismiss.  ECF Nos. 22, 18.  The court will construe plaintiff's

19   amended complaint as a motion for leave to amend and grant the motion.  Nevertheless, for the

20   reasons discussed below, the amended complaint does not cure defects addressed in defendant

21   Syerson's motion to dismiss, and that motion must be granted.

22        **I.    Background**

23        Plaintiff filed this action on November 5, 2012.[1]  ECF No. 1 at 32.  As relevant here,

24   plaintiff alleges that defendant Syerson, a surgeon at Lassen Surgery Center, provided negligent

25   medical care to him during a hemorrhoidectomy on June 26, 2007.  *Id.* at 4, 7.  Specifically,

26   plaintiff claims:

27   _____

         [1] The complaint in this action was signed on November 5, 2012, which is deemed the
28   filing date for statute of limitations purposes.

                                           1

On June 26, 2007, plaintiff was transferred from H.D.S.P. [High Desert State Prison] to the Lassen Surgery Center . . . where defendant "Syerson" performed and [sic] elective hemorrhoidectomy surgery on plaintiff.

Because defendant Syerson lacked the proper surgical equipment, after surgery/during [sic] plaintiff developed significant bleeding, which resulted in plaintiff being taken back to surgery at the Lassen Surgery Center, where plaintiff had an examination of the hemorrhoidectomy wounds and multiple additional sutures for hemostasis.

***

Defendant Syerson by his actions, as described above . . ., acted negligently and recklessly.

A reasonably competent surgeon would have been adequately prepared prior to performing an intrusive surgery, however defendant Syerson failed to act as a reasonably competent surgeon.

As a proximate cause of defendant Syerson's actions, plaintiff suffered from significant bleeding, anemia, anxiety, and bilateral pulmonary embolisms.

*Id.*

Plaintiff's amended complaint, filed after defendant Syerson's motion to dismiss, makes the same allegations against him.  ECF No. 22 at 5, 8.

Plaintiff has previously sued defendant Syerson, in a Lassen County Superior Court complaint filed June 27, 2012.  ECF No. 18-2 and exhibits thereto.[2]  Plaintiff's allegations against defendant Syerson in the state case are identical to the allegations presented here.  ECF No. 18-3 at 5-6, 9.  The state court sustained defendant Syerson's unopposed demurrer to that complaint, concluding, "The cause of action for professional negligence is barred by Code of Civil Procedure section 340.5 as tolled by Code of Civil Procedure section 352.1(a)."  *Id.* at 77.  The state court dismissed plaintiff's complaint as to defendant Syerson with prejudice on January 20, 2013.  *Id.* at 81.

/////

/////

_____

[2] The court takes judicial notice of proceedings of plaintiff's state court case.  Fed. R. Evid. 201; *Cactus Corner, LLC v. U.S. Dept. of Agric.*, 346 F. Supp. 2d 1075, 1092 (E.D. Cal. 2004).

1        **II.     Plaintiff's Amended Complaint**

2            Plaintiff filed an amended complaint on September 30, 2013, more than 21 days after

3    defendant Roche filed his answer (on July 18, 2013) and defendant Syerson filed his motion to

4    dismiss (on August 12, 2013).  Because more than 21 days elapsed between the filing of the first

5    responsive pleading and the filing of the amended complaint, plaintiff must obtain leave of court

6    to amend.  Fed. R. Civ. P. 15(a).  The court will construe plaintiff's filing of the amended

7    complaint to contain an implicit request for leave to file it.  So construed, the court grants leave to

8    amend and accepts the amended complaint filed on September 30, 2013 (ECF No. 22) as the

9    operative pleading in this case.  *See* Fed. R. Civ. P. 15(a)(2).  Defendant Roche shall respond to

10   the amended complaint within 14 days of the date of this order.[3]

11       **III.    Defendant Syerson's Motion to Dismiss**

12           Defendant Syerson moves to dismiss plaintiff's claim against him, arguing that: (1)

13   plaintiff's claims are barred by res judicata; (2) plaintiff's claims are barred by the statute of

14   limitations; and (3) plaintiff has not stated facts sufficient to support claims of intentional

15   infliction of emotional distress and deliberate indifference to serious medical needs.

16           In screening this case, the court found that plaintiff stated a single cognizable claim

17   against defendant Syerson – for state law medical malpractice.  ECF No. 7 at 3.  While plaintiff's

18   complaint refers generally to intentional infliction of emotional distress and denial of adequate

19   medical care in violation of the Eighth Amendment, plaintiff's allegations regarding defendant

20   Syerson are solely allegations of professional negligence.  ECF No. 1 (original complaint) at 7 &

21   ECF No. 22 (amended complaint) at 8 ("Defendant Syerson by his actions, as described above

22   . . . , acted negligently and recklessly. . . . Defendant Syerson failed to act as a reasonably

23   competent surgeon.").  Plaintiff does not allege that defendant Syerson was deliberately

24   indifferent to his serious medical needs; rather, plaintiff's deliberate indifference claims are

25   _____

26           [3] Because it is concluded herein that defendant Syerson must be dismissed from this
     action, Syerson need respond to the amended complaint only if the district judge assigned to this
27   action declines to adopt that recommendation.  In that event, defendant Syerson shall respond to
     the amended complaint within 14 days of such order declining to adopt the recommendation
28   contained herein.

3

1  directed solely to defendant Roche.  ECF No. 1 at 7; ECF No. 22 at 8.  Similarly, the complaint

2  does not make any claim that defendant Syerson intentionally inflicted emotional distress on

3  plaintiff.  Accordingly, the court must only determine whether plaintiff's malpractice claim

4  against defendant Syerson is precluded by his state court case or barred by the applicable statutes

5  of limitations.

6      **A.  Res Judicata**

7      The doctrine of claim preclusion (sometimes referred to as "res judicata") prevents a party

8  from relitigating claims that were or could have been raised in a prior action that was adjudicated

9  on the merits.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Under 28 U.S.C. § 1738, federal courts

10  must accord the preclusive effect to state court judgments as would be accorded under the law of

11  that state.  *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

12      In California, a final judgment in state court may preclude later proceedings based on the

13  same "cause of action," which is defined as: (1) a primary right possessed by the plaintiff, (2) a

14  corresponding primary duty of the defendant, and (3) a harm done by the defendant consisting of

15  the breach of the primary right and corresponding duty.  *Brodheim v. Cry*, 584 F.3d 1262, 1268

16  (9th Cir. 2009) (citing *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th

17  Cir. 2003) and *Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th

18  1053, 1065 (1998)).  A prior case will bar a subsequent case raising the same cause of action

19  where: (1) the issues decided in the prior suit are identical to those in the subsequent suit, (2) the

20  first suit produced a final judgment on the merits, and (3) the party against whom the claim was

21  raised was a party or was in privity with a party to the prior suit.  *Consumer Advocacy Group,*

22  *Inc. v. ExxonMobil Corp.*, 168 Cal. App. 4th 675, 685-86 (2008).

23      There can be no dispute that plaintiff's cause of action against defendant Syerson in this

24  case is the same as the one he pursued in state court.  The allegations and parties are identical.

25  The state case against defendant Syerson became final when the state court dismissed the

26  complaint with prejudice on January 30, 2013.  Thus, the only real issue the court must determine

27  is whether a dismissal with prejudice on statute of limitations grounds constitutes a judgment "on

28

4

the merits" for purposes of res judicata.  California courts have held that the termination of an

action for failure to comply with the limitations period is not "on the merits."  *E.g., Mid-Century*

*Ins. Co. v. Super. Ct.*, 138 Cal. App. 4th 769, 776 (2006) ("Termination of an action by a statute

of limitations is deemed a technical or procedural, rather than a substantive, termination.").

Accordingly, defendant Syerson's res judicata argument is without merit.

### B.  Statute of Limitations

Nevertheless, plaintiff's action remains barred by the applicable limitations period, as the

state court determined.  As noted above, plaintiff's sole claim against defendant Syerson in this

case is a state-law malpractice claim.  Accordingly, the court applies the California limitations

rules applicable to such claims.  *See Notrica v. Bd. of Supervisors*, 925 F.2d 1211, 1215 (9th Cir.

1991).  California Code of Civil Procedure § 340.5 governs malpractice cases, and provides:

> In an action for injury or death against a health care provider based upon such
> person's alleged professional negligence, the time for the commencement of
> action shall be three years after the date of injury or one year after the plaintiff
> discovers, or through the use of reasonable diligence should have discovered, the
> injury, whichever occurs first.

This limitations period begins to run once a patient knows, or by reasonable diligence should

have known, that she has been harmed by professional negligence.  *Artal v. Allen*, 111 Cal. App.

4th 273, 279 (2003).  A patient has "presumptive knowledge" of injury "when the patient's

reasonably founded suspicions have been aroused, and she has actually become alerted to the

necessity for investigation and pursuit of her remedies."  *Id.* (internal quotation marks omitted).

A few tolling principles extend the one-or-three-year period of § 340.5 in this case.  First,

Code of Civil Procedure § 352.1 tolls the limitations period for two years for prison inmates.

*Jones v. Blanas*, 393 F.3d 918, 927 n.5 (9th Cir. 2004).  Second, the limitations period is tolled

while the prisoner completes the mandatory exhaustion process.  *Brown v. Valoff*, 422 F.3d 926.

942-43 (9th Cir. 2004).[4]

/////

---

[4] It is not disputed here that plaintiff did not provide notice of his suit to defendant
Syerson within 90 days of the expiration of the limitations period, so there is no extension of the
limitations period pursuant to California Code of Civil Procedure § 364(d).

An attachment to plaintiff's complaint shows that plaintiff exhausted his claim against defendant Syerson on February 26, 2008.  ECF No. 1 at 24-25.  The Director's Level appeals reviewer summarized plaintiff's administrative complaint as follows:

/////

> It is the appellant's position that he had a hemorrhoidectomy at a community medical clinic in Susanville; and, alleges when he woke up, medical staff were standing over him asking him questions, such as the date, who was the president and what day it was.  The appellant claims that something went wrong during the surgery and alleges he had a second procedure that caused him to bleed out, coming close to death.  As a result, the appellant alleges he now has a pulmonary embolism; is in very poor health; and, must take medication every day to thin his blood.  The appellant is requesting that all medical persons, personnel and doctors and the Susanville medical clinic and hospital be held financially responsible for medical malpractice and attempted murder, negligence and incompetence in the first degree.

*Id.* at 24; *see also Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010) ("[A] prisoner exhausts the grievance process when he completes the third level [of review].").  In addition to showing the date of exhaustion, the third-level appeal decision shows that plaintiff was aware of his malpractice claim before February 26, 2008.  Accordingly, plaintiff had one year from that date, under § 340.5, plus two years under § 352.1 to file this action.  The complaint in this action was signed on November 5, 2012, which is deemed the filing date for statute of limitations purposes.  *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).  Because more than three years elapsed between the beginning of the limitations period and the filing of this action, plaintiff's claim against defendant Syerson is time-barred.

**IV.    Order and Recommendation**

For the reasons stated above, the court hereby ORDERS that:

1.  Plaintiff's September 30, 2013 amended complaint (ECF No. 22) is construed as a motion for leave to amend and, so construed, is granted.  The September 30, 2013 is now the operative complaint in this action.  Defendant Roche shall respond to the amended complaint within 14 days of the date of this order.

2.  The Clerk of Court shall randomly assign a district judge to this action.

/////

6

1       It is further RECOMMENDED that defendant Syerson's August 12, 2013 motion to

2 dismiss (ECF No. 18) be granted.

3       These findings and recommendations are submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5 after being served with these findings and recommendations, any party may file written

6 objections with the court and serve a copy on all parties.  Such a document should be captioned

7 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

9 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10 DATED:  February 18, 2014.

11

12                EDMUND F. BRENNAN
               UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

               7