1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   ANDRE L. REVIS,                          No.  2:12-cv-2751-MCE-EFB P
12              Plaintiff,
13         v.                                 ORDER
14   DALE SYERSON. et al.,
15              Defendants.
16

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He has filed a brief motion asking for summary judgment and a "court-appointed arbitrator" for settlement negotiations and complaining that defendant's responses to his interrogatories were late and without verification.  ECF No. 36.  Defendant has filed no opposition and the time for filing an opposition has passed.

Plaintiff's motion is unclear as to what relief he seeks regarding defendant's late and verification-less interrogatories responses.  To the extent he seeks sanctions because the responses were provided one day late, that request is denied.  Defense counsel asked plaintiff to stipulate to extra time to respond on June 17, 2014, five days before the responses were due, because he was encountering some difficulty conferring with his now-retired client.  *Id.* at 9.  Apparently, plaintiff refused that request and defendant filed the responses on June 23, 2014, one day after the deadline.  Plaintiff has not shown that this one-day delay has prejudiced him in any way.

1

1    To the extent plaintiff seeks to compel defendant to provide a verification for the
2    interrogatories, that request is granted.  Federal Rule of Civil Procedure 33(b)(5) requires that the
3    person answering interrogatories sign them.
4    Although he is not entirely clear, plaintiff requests in his motion that he be granted
5    summary judgment because the defendant was late in responding to the discovery request.  ECF
6    No. 36 at ¶ 6.  That request is denied for the reasons stated above denying plaintiff's request for
7    sanctions.   To the extent that plaintiff intended the request as a motion for summary judgment
8    under Federal Rule of Civil Procedure 56, the request is denied without prejudice.  Rule 56(a)
9    authorizes the granting of summary judgment to a party who shows that there is no genuine
10   dispute as to any material fact and that the moving party is entitled to judgment as a matter of
11   law.  Not only does plaintiff's motion does not make that showing, and his motion for summary
12   judgment is procedurally defective.  Local Rule 230(b) requires that the moving party file a
13   motion, an accompanying brief and any supporting affidavits or exhibits with the motion.
14   Plaintiff's single sentence request in his discovery motion fails to satisfy those requirements.  Any
15   renewed summary judgment must comply with Fed. R. Civ. P. 56 and Local Rules 230(b) and (I).
16   Plaintiff's request for the appointment of an arbitrator to assist plaintiff with settlement
17   negotiations is also denied.  He provides no authority for such a request.
18   Plaintiff has also filed a motion for extension of time to respond to defendant's currently-
19   pending motion for summary judgment.  ECF No. 40.  Plaintiff has given the court no reason
20   explaining why he needs additional time.  Nevertheless, in light of plaintiff's status as a pro se,
21   incarcerated litigant, he is granted 21 additional days for the filing of his opposition brief.  The
22   court admonishes plaintiff that he must support any future requests for extensions of time with
23   reasons why the deadline cannot be met despite the exercise of due diligence.
24   For the foregoing reasons, it is hereby ORDERED that:
25   1. Plaintiff's August 18, 2014 motion to compel, etc. (ECF No. 36) is granted in part, and
26      defendant shall have 7 days from the date of this order to provide plaintiff with a
27      verification of his responses to plaintiff's interrogatories.  The motion is otherwise
28      denied.

2. Plaintiff's November 10, 2014 motion for extension of time (ECF No. 40) is granted, and plaintiff shall file his opposition brief no later than December 7, 2014.

DATED: November 18, 2014.

*(signature)*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE