UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE L. REVIS,<br><br>        Plaintiff,<br><br>   v.<br><br>DALE SYERSON, et al.,<br><br>        Defendants. | No. 2:12-cv-2751-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendant Roche, the sole remaining defendant, has filed a motion for summary judgment. ECF No. 37. Plaintiff filed an opposition to Roche's motion, ECF No. 42, and Roche filed a reply, ECF No. 43. For the reasons that follow, Roche's motion for summary judgment must be granted.

**I.   BACKGROUND**[1]

Plaintiff underwent a hemorrhoidectomy at Lassen Surgery Center on June 26, 2007. FAC at 5. He alleges that the surgeon who performed the procedure "lacked the proper surgical equipment," and plaintiff suffered from "significant bleeding, anemia, anxiety, and bilateral

/////

---

[1] This action proceeds on plaintiff's verified First Amended Complaint ("FAC"). *See* ECF No. 22. The following statement of facts is based entirely on the allegations in the FAC.

1

pulmonary embolisms" as a result. *Id.* at 5, 8.[2]  Plaintiff returned to High Desert State Prison ("HDSP") after the procedure with "instructions/orders for medication . . . ." FAC at 7. Although plaintiff received some of those medications, he claims that Roche "refused to carry-out plaintiff's post-operative pain management therapy; and/or provide plaintiff with any alternative treatment program . . . ." *Id.* at 8.  Roche is a medical doctor and the Chief Medical Officer at HDSP.  *Id.* at 3.

Upon screening plaintiff's original complaint, the court found that it stated a cognizable Eighth Amendment claim against Roche.  ECF No. 7 at 3.

## II.   STANDARDS

### A.  Summary Judgment

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it

---

[2] The court dismissed the surgeon, former defendant Syerson, from this case on March 26, 2014. *See* ECF Nos. 28, 32.

2

believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails

in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Concurrent with their motion for summary judgment, defendants advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.

ECF Nos. 54, 72; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

### B. Deliberate Indifference

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment, or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Additionally, the Ninth Circuit has made clear that a difference of medical opinion is, as a matter of law, insufficient to establish deliberate indifference. *See Toguchi*, 391 F.3d at

1058. "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Id.* (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

## III.   ANALYSIS

Roche asserts that although he was Chief Medical Officer at HDSP during the time period identified in plaintiff's complaint, he was not "in any way involved in plaintiff's treatment." ECF No. 37-2 at 2. Roche explains that his "involvement in this matters appears to have been associated with his first level review of plaintiff's appeal/parolee 602 grievance which was related to [his] duties as the health care manager at HDSP." *Id.*[3] Roche included with his declaration a "Second Level Response" that bears his signature. *See* ECF No. 37-4, Ex. A. That Response states, in part:

> APPEAL DECISION:        Appeal is denied.
>
> APPEAL ISSUE:    It is the position of the inmate that around June 26, 2007 he was taken to a medical clinic in Susanville for a routine hemorrhoidectomy. He states that he woke up to medical staff standing over him asking him questions, such as what was the date, who is the president, and what day was it. He states that something went wrong during the surgery. He stated he had another procedure which caused him to bleed out, coming close to death. He states he now suffers from pulmonary embolisms and very poor health. He states he now has to take medication and have a shot in his stomach every day in order to thin his blood.
>
> On appeal, the inmate requests that all medical persons, personnel, and doctors and the Susanville medical clinic and hospitals be held totally and fully financially responsible for medical malpractice and attempted murder, negligence, and incompetency in the first degree.

---

[3] Although Roche's motion states that he was involved with the "first level review" of plaintiff's inmate appeal, the October 31, 2007 memorandum attached to his declaration lists "Second Level Response" in the subject line; it also indicates a Ms. Waterman was responsible for the first level response, refers to the "first level" in the past tense, and speaks of the "second level" in the present tense. *See* ECF No. 37-4, Ex. A.

6

> At the first level, Ms. Waterman explained that we did not have the medical documentation from the local hospital regarding this event. The Medical Records Department will obtain this information for your unit health record. The inmate was scheduled for a clinic follow-up to further discuss this matter when the records are received. She explained to the inmate that no one was trying to murder him and he stated he understood this now. His request that those involved be held responsible was not granted as that is outside the scope of the appeal process.
>
> At the second level, the inmate states he is dissatisfied with the response and the "twisting of his words." He states "there is no room for mistakes, negligence, or incompetence in the medical profession", and again mentions attempted murder.
>
> APPEAL RESPONSE: Mr. Revis, in reaching a decision on your appeal, your CDC-602, your unit health record, applicable sections of the California Code of Regulations (CCR) Title 15, Departmental Operations Manual (DOM), and your interview with A. Waterman, NP, on September 26, 2007, were reviewed and considered.
>
> The second level response is essentially the same as at the first level. You have been scheduled for a follow up clinic visit to discuss the incident in question and the events that led to your pulmonary embolism. You have been reassured that no one was trying to murder you. Your request that all medical personnel and facilities involved be held financially responsible is not granted as this is outside the scope of the appeal process.

*Id.*

In his opposition to Roche's motion, plaintiff suggests that Roche was involved with plaintiff's medical care and treatment by virtue of his title as Chief Medical Officer. *See* ECF No. 42 at 10 (alleging Roche's "involvement in this matter appears to be at every capacity associated with the plaintiff's medical care/treatment under review/investigation at the first level/second level(s) of review"); *see also* ECF No. 42 at 14 ("Roche [was aware] of plaintiff's medical grievance(s) at each level of the [inmate] appeal process as defendant(s) duties as the Chief Medical Officer . . . ."). In addition to restating that Roche failed to provide appropriate treatment after plaintiff's return to HDSP, plaintiff's opposition also alleges that the follow up clinic visit that Roche mentioned in the Second Level Response did not occur. *Id.* at 4, 10.

1    First, plaintiff's conclusory allegation that Roche failed to provide appropriate treatment after plaintiff returned to HDSP is insufficient to avoid summary judgment. *See Taylor*, 880 F.2d at 1045. Second, contrary to plaintiff's suggestion, Roche's title of Chief Medical Officer is insufficient for imposing § 1983 liability. To establish such liability, plaintiff must demonstrate that the defendants holding supervisory positions personally participated in the deprivation of his rights, *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); there is no respondeat superior liability, and each defendant is only liable for his or her own misconduct, *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Roche's signing of the Second Level Response is insufficient personal participation. *See Hernandez v. Cate*, 918 F. Supp. 2d 987, 1018 (C.D. Cal. 2013) ("Plaintiff cannot state a [§] 1983 claim based solely on [defendants'] role in the inmate appeals process."); *Lamon v. Junious*, No. 1:09-cv-00484-GSA PC, 2009 WL 3248173, at *4 (E.D. Cal. Oct. 8, 2009) ("[T]he involvement of prison personnel in reviewing and issuing decisions on Plaintiff's inmate appeals does not provide a basis for the imposition of liability on them for the conduct of others."); *see also Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc) (affirming directed verdict for Chief Medical Officer that signed a second level response because plaintiff's case "rest[ed] entirely on this signature" and "the fact that [defendant] signed the form doesn't mean that he knew about [plaintiff's] complaints"). Lastly, to the extent that plaintiff contends the "follow up clinic visit" mentioned in the Second Level Response did not occur, plaintiff fails to explain how the nonoccurrence of that event amounts to a constitutional deprivation—let alone one that Roche is liable for under § 1983.

Plaintiff has failed to make a showing sufficient to establish that Roche personally participated in the deprivation of his constitutional rights. Such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322. Accordingly, Roche's motion for summary judgment must be granted.

/////
/////
/////
/////

## IV. RECOMMENDATION

For the reasons stated above, it is hereby RECOMMENDED that Roche's motion for summary judgment (ECF No. 37) be granted, and the Clerk be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 12, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE